J-S19030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY D. JONES | : | |
| | : | |
| Appellant | : | No. 1387 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 13, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004094-2022

BEFORE: SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NEUMAN, J.:                    **FILED: August 3, 2026**

Appellant, Randy D. Jones, appeals from the aggregate judgment of sentence of 12 to 24 years' incarceration, followed by 5 years' probation, imposed after he pled guilty to one count of Attempted Homicide, 18 Pa.C.S. § 901(a), one count of Aggravated Assault, 18 Pa.C.S. § 2702(a)(1), and one count of Firearms Not to be Carried Without a License, 18 Pa.C.S. § 6106(a)(1).[1]  On appeal, Appellant seeks to challenge the discretionary aspects of his sentence and the ineffectiveness of his plea counsel, William Difenderfer, Esq.  Additionally, Appellant's appellate counsel, Charles R. Pass III, Esq., seeks to withdraw his representation of Appellant pursuant

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant also pled guilty at three additional cases, not subject to this appeal, and those sentences were imposed concurrently to his sentence in the instant case.  **See** Trial Court Opinion ("TCO"), 2/9/26, at 1 n.1.

to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On January 4, 2022, Appellant was charged with the offenses listed *supra*. Attorney Difenderfer entered his appearance on behalf of Appellant on March 13, 2024. On February 11, 2025, Appellant pled guilty to all counts, with the Commonwealth's providing the following factual summary as the basis for Appellant's plea:

> On July 31, 2021, the victim, Kwaku Botwe-Asamoah, was celebrating his 30th birthday on the South Side with two friends. At the end of the night, the victim and his friends were returning to their car, which was parked at the Giant Eagle parking lot located at 2021 Wharton Street in Pittsburgh.
>
> At approximately 2:38 a.m., the victim observed an individual in an argument with another person, at which point, the victim told this individual he should not be talking to a lady in such a manner. After this was said, … [Appellant] …, who was with the people involved in the argument, pulled out his gun and shot the victim eight times in the torso from a distance of approximately ten feet.
>
> Upon arrival at the scene, officers discovered the victim and transported him to UPMC Mercy Hospital where he underwent surgery for his injuries. Detectives from the mobile crime unit and violent crime unit responded to the scene where eight spent 9-millimeter shell casings were discovered and taken into evidence.
>
> Surveillance camera footage from the Giant Eagle nearby was collected and reviewed by detectives. Upon review, detectives observed … [Appellant] … extend his arm and fire a handgun at [the victim]. Immediately following the shooting, … [Appellant] fled the parking lot of the Giant Eagle on foot, [and] headed towards the 1900 block of Wharton Street.
>
> On August 1, 2021, a firearm was recovered from a rooftop of a residence located at 1925 Sydney Street. The firearm was

identified as a Smith & Wesson 9-millimeter pistol which was consistent with the casings recovered from the scene.

Upon learning of this information, detectives reviewed additional video surveillance footage after the shooting, which showed [Appellant] emerge from the front of the residences in the 1900 block of Sydney Street and then walk down the sidewalk in the 1900 block of Sydney Street.

The casings at the scene and the recovered Smith & Wesson handgun were sent to the Allegheny County Crime Lab for testing and comparison where it was determined that the eight spent casings recovered at the scene were fired from the pistol recovered from the roof of the Sydney Street residence. The firearm recovered was operable and had a barrel length of less than 15 inches.

Finally, the Commonwealth would also have submitted a certified document from the Pennsylvania State Police, which would have shown that … [Appellant] did not have a license to carry a firearm at the time of this incident.

Lastly, regarding the injuries sustained by the victim, … [he] sustained seriously bodily injury as a result of the shooting and … he is paraplegic and is no longer able to walk.

N.T. Guilty Plea, 2/11/25, at 9-12 (cleaned up).

A pre-sentence investigation ("PSI") report was ordered. On August 1, 2025, Attorney Difenderfer filed a sentencing memorandum on behalf of Appellant. Appellant was sentenced to the aggregate term of incarceration and probation set forth *supra* on August 13, 2025. On August 22, 2025, Attorney Difenderfer filed a motion for leave to withdraw and on August 28, 2025, the trial court appointed Attorney Pass as counsel for Appellant. On September 2, 2025, Appellant filed a motion for leave to file a post-sentence motion *nunc pro tunc*, which was granted by the trial court on September 4, 2025. Appellant filed a post-sentence motion on September 5, 2025, and an

amended post-sentence motion on October 15, 2025. The trial court denied his post-sentence motion on October 28, 2025. On October 31, 2025, Appellant filed a timely notice of appeal and a Pa.R.A.P. 1925(b) concise statement. The trial court subsequently filed its Rule 1925(a) opinion on February 9, 2026. On appeal, Appellant sets forth two issues for our review:

1. Whether the [trial court] abused its discretion and acted inconsistent with the fundamental norms of the sentencing process by focus[]ing on the seriousness of the offense to the exclusion of the other factors under 42 Pa.C.S. §§ 9721(b) and 9725 and — while acknowledging the gen[]eral circumstance that [Appellant], by the act of pleading guilty, "saved the family of going through a trial and … accepted responsibility" — emphasized the "horrible thing" and "senseless violence" the victim went through and — while ordering mental health[,] and drug and alcohol evaluation and treatment during incarceration — did not (adequately) state reasons on the record for the need for such a lengthy sentence to protect the public and why a lesser sentence of incarceration would depreciate the seriousness of [Appellant]'s crime?

2. Whether [Appellant]'s guilty plea was the result of ineffective assistance of counsel where plea counsel told [Appellant] his sentence of incarceration in this matter, upon pleading guilty, would be 8 to 20 years?

*Anders* Brief at 3.

On February 17, 2026, Attorney Pass filed with this Court a petition to withdraw from representing Appellant. The same day, counsel also filed an *Anders* brief, discussing the above-stated issues and concluding they are frivolous, and Appellant has no other, non-frivolous issues he could pursue herein. Appellant did not file a *pro se* or counseled response to either the brief or petition. Accordingly,

- 4 -

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Substantial compliance with the *Anders* requirements is sufficient. *See Nischan*, 928 A.2d at 353. After determining counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v.*

*Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Pass's *Anders* brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination and supports his rationale with citations to the record and pertinent legal authority. Attorney Pass also states in his petition to withdraw he has supplied Appellant with a copy of his *Anders* brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in *Nischan*. Although Attorney Pass incorrectly notified Appellant he had 90 days to file a responsive pleading, this Court clarified Appellant's rights by order dated March 2, 2026. Accordingly, we conclude counsel has substantially complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

Appellant's first challenge is regarding the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

In the instant matter, Appellant filed a timely notice of appeal and the issue he raises was properly preserved in a post-sentence motion. Additionally, Attorney Pass included a Rule 2119(f) statement in his *Anders* brief, although we would have reviewed Appellant's issue even had he not done so. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an *Anders* brief, this Court has reviewed the

- 7 -

matter even absent a separate [Rule] 2119(f) statement.") (citations omitted). Accordingly, we now consider whether Appellant has raised a substantial question that his sentence is inappropriate under the Sentencing Code. In his Rule 2119(f) statement, Appellant alleges a substantial question is raised as "the [trial court] focused on the seriousness of the offense, imposed an excessive sentence which is not individualized, and failed to comply with [Sections] 9721(b) and 9725." **Anders** Brief at 8. Through this statement, Appellant has raised claims that the trial court focused on the seriousness of the offense to the exclusion of other sentencing factors, and suggests, via cases he cites, that the court also failed to adequately state the reasons for Appellant's sentence on the record.

This Court has held "an averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." **Commonwealth v. Bricker**, 41 A.3d 872, 875 (Pa. Super. 2012) (quoting **Commonwealth v. Macias**, 968 A.2d 773, 776 (Pa. Super. 2009)); **see also Commonwealth v. Knox**, 165 A.3d 925, 929 (Pa. Super. 2017) (concluding an appellant's "claim that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances, such as his mental health history and difficult childhood, raises a substantial question"). This Court has also held that "an allegation that the court failed to state adequate reasons on the record for the sentence imposed presents a substantial question." **Commonwealth v. Fowler**, 893 A.2d 758, 766 (Pa. Super. 2006). Finding Appellant has raised

a substantial question and satisfied all requirements under *Evans*, we proceed to the merits of his claim to determine if the issue raised is frivolous. In doing so, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, in crafting a sentence, courts are directed to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Verma*, 334 A.3d 941, 947 (Pa. Super. 2025) (citations omitted).

A thorough review of the record reveals the sentencing court considered all appropriate sentencing factors. Notably, the court had and reviewed a PSI report. Thus, we "presume[] the court was aware of and weighed all relevant information contained [in the report,] along with any mitigating sentencing

factors." ***Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022) (internal quotation marks omitted).

Additionally, prior to sentencing Appellant, the trial court set forth its reasoning as follows:

> Sadly, I see gun violence every day. To the family, there's nothing I can do to get the victim back to whole. I can't make him better physically [or] mentally. What he's gone through and what I've seen, it's a horrible thing, and it's all just senseless violence that happens night after night, and it's sad. After a[]while it gets to you, because this is all we see in life in the work we do.
>
> With that said, [Appellant], I don't know what you were thinking that night. But the thing that bothers me, as [the Commonwealth] pointed out, [was] you were on electronic home monitoring, and you were out at 1:30 [or] 2:00 in the morning drunk, [and] on Percocet with a gun, and look what happened. Now somebody's life is put upside-down, and their whole family's [lives are, too].
>
> ***
>
> You did save the family [from] going through a trial, and you accepted responsibility.

N.T. Sentencing, 8/13/25, at 29-30.

Further, the trial court stated the following in its Rule 1925(a) opinion:

> The [PSI] report provided information regarding [Appellant's] criminal history, family history, education, employment[,] and health, all of which was reviewed and taken into consideration. This history included his prior conviction for carrying a firearm without a license in 2018 and his prior possession and use of controlled substances. In addition[,] it was noted that at the time of the shooting [Appellant] was in violation of his house arrest. [Moreover,] the evidence further indicated that [Appellant], with little provocation, used a firearm that he again possessed illegally to shoot the victim multiple times. Clearly the evidence reflected that a significant sentence was necessary to ensure public safety. [Appellant]'s history and the conduct in this case indicate that there is an undue risk that [Appellant] would commit further crimes.

The gravity of the offense and the impact on the victim was significant. The victim, a young man, was left paralyzed for the remainder of his life and the impact on him and his family can[]not be overstated. The sentence imposed, which was within the guidelines, was appropriate and a lesser sentence would depreciate the seriousness of the crime. In addition, it was acknowledged on the record that [Appellant] accepted responsibility and that by pleading guilty, "saved the family [from] going through a trial." However, it was also noted that [Appellant]'s "senseless violence" had a "horrible" impact on the victim. [Further], despite his acceptance of responsibility, [Appellant] blamed the victim for "being drunk" and for attempting to intervene in what appeared to be a woman['s] being assaulted.

TCO at 6.

Here, it is clear from the record the court considered all relevant sentencing factors and adequately stated its reasons for sentencing on the record. Based upon all the evidence before it, the court imposed an aggregate sentence of 12 to 24 years' incarceration, followed by 5 years' probation. We conclude the record supports the sentencing court's reasoning and its decision conforms to the applicable law. Appellant was sentenced within the standard ranges for Attempted Homicide and Firearms Not to be Carried without a License, and the trial court merged Appellant's Aggravated Assault charge. The record reflects the court carefully considered all the evidence presented at the sentencing hearing. As such, we discern no abuse of discretion, as Appellant has not established "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will," or "arrived at a manifestly unreasonable decision." **Shugars**, 895 A.2d at 1275.

The second and final issue raised by Appellant relates to the effectiveness of plea counsel. Our Supreme Court has explained that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review[]" pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). There are three exceptions to this general rule recognized by our Supreme Court. ***See Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018); ***Commonwealth v. Holmes***, 79 A.3d 562, 577-80 (Pa. 2013). The first exception applies to extraordinary circumstances, when a "trial court, in the exercise of its discretion, determines that a claim [] of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted." ***Holmes***, 79 A.3d at 577. The second exception addresses "multiple and fairly common ineffectiveness claims," which are accompanied by the defendant's "knowing, voluntary, and express waiver of PCRA review." ***Id.*** at 577-78, 580. The third exception requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Delgros***, 183 A.3d at 361.

To qualify for any of these exceptions, an appellant must first raise his ineffectiveness claims before the trial court, as the trial court must have an opportunity to review them, and the parties must have an opportunity to fully develop the record. ***See Delgros***, 183 A.3d at 360-62; ***Holmes***, 79 A.3d at 576; ***see also Commonwealth v. Bomar***, 826 A.2d 831, 854-55 (Pa. 2003)

- 12 -

(recognizing an exception allowing ineffective assistance of counsel claims to be heard on direct appeal where "the claims have been raised and fully developed at a hearing in the trial court," and cautioning that the lack of a trial court opinion addressing such a claim "poses a 'substantial impediment to meaningful and effective appellate review'" and "oblige[s] the appellate courts to consider matters not of record, a function that appellate courts normally do not perform[,]" *i.e.*, "to engage in fact-finding in the form of speculation concerning the strategy counsel pursued at trial, a function that [appellate courts are] ill-suited to assume") (citation omitted).

Here, Appellant did not raise any of the exceptions recognized by our Supreme Court in his post-sentence motion and no hearing was held by the trial court. *See Delgros*, 183 A.3d at 361; *Holmes*, 79 A.3d at 563-64, 577-80. Further, Appellant did not expressly waive his right to PCRA review. *See Holmes* at 564, 580; *see also* Amended Post-Sentence Motion, 10/15/25, at unnumbered 3 ("Defendant does not wish to waive his rights under the PCRA."). Lastly, Appellant is not statutorily barred from seeking PCRA relief. *Cf. Delgros*, 183 A.3d at 361 (concluding that the defendant was statutorily precluded from seeking review under the PCRA because he had only been sentenced to pay a fine). For these reasons, we conclude none of the exceptions apply, and Appellant's ineffectiveness claim cannot be considered on direct appeal. *See Grant*, 813 A.2d at 738. Accordingly, Appellant may raise his claim of ineffective assistance of plea counsel in a timely petition filed under the PCRA.

We thus conclude that all the claims Appellant seeks to raise herein are frivolous for purposes of direct appeal.  Additionally, upon our independent review of the record, we have determined there are no other, non-frivolous issues.  We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  8/3/2026